# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| ROBERT E. STOCKMEIER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15-cv-00109-TWP-DML |
| | ) |
| SWITZERLAND COUNTY EMERGENCY MEDICAL SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |
| | ) |
| SWITZERLAND COUNTY EMERGENCY MEDICAL SERVICES, INC., | ) |
| | ) |
| Counter Claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT E. STOCKMEIER, | ) |
| | ) |
| Counter Defendant. | ) |

## ORDER ON PLAINTIFF'S REQUEST FOR FEES

This matter is before the Court on Plaintiff Robert E. Stockmeier, Jr.'s ("Stockmeier") Motion for Fees. (Filing No. 70.) Stockmeier formerly worked as an employee for Defendant Switzerland County Emergency Medical Services, Inc. ("SCEMS") and was terminated on June 14, 2014. Following the termination, Stockmeier filed an Amended Complaint alleging, defamation, wrongful discharge, and retaliatory discharge in violation of the federal and state False Claims Act. (Filing No. 30.) On January 25, 2016, SCEMS, as well as other former defendants, moved to dismiss Stockmeier's Amended Complaint. (Filing No. 31.) On September 14, 2016, the Court granted in part and denied in part the Motion to Dismiss. (Filing No. 57.)

Thereafter, on November 2, 2016, the parties agreed to dismiss all pending claims and settle this case. (Filing No. 62.) In late November, the parties finalized the terms of the Settlement Agreement and, on December 2, 2016, Stockmeier provided SCEMS with certain tax information in order for SCEMS's insurance carrier and third-party administrator to initiate an internal process for preparing a settlement check. (Filing No. 70-1 at 1.) On December 6, 2016, SCEMS's insurer issued a settlement check and the third-party administrator mailed the check to SCEMS. *Id*. at 3. Unfortunately, the third-party administrator mailed the settlement check to SCEMS's former business address, rather than its current address. *Id*. at 11.

On January 5, 2017, SCEMS informed Stockmeier the reasons for the delay and, on January 9, 2017, SCEMS stated that the issue regarding the lost settlement check was resolved and Stockmeier "should be receiving that payment in the mail" by January 10, 2017. *Id.* at 5, 8. Stockmeier, however, did not receive the settlement check by January 10, 2017. Also, on January 10, 2017, the Court issued an order to show cause why the matter should not be dismissed pursuant to Fed. R.Civ. P. 41(b), based on the parties' failure to timely file their stipulation of dismissal (Filing No. 65).

Thereafter, on February 10, 2017, Stockmeier requested the Court to order SCEMS to pay $1,500.00 for the costs associated in tracking down the settlement check. (Filing No. 70.) Stockmeier asserts that his "counsel has yet to receive any checks from [SCEMS]" and "at the time of [the February 10, 2017] filing[,] the current status of the checks is unknown." *Id*. at 3.

The Court first notes that Stockmeier's counsel received the settlement check on February 2, 2017, nine days prior to Stockmeier filing this Motion. (Filing No. 71-1.) In addition, the Court notes that counsel's motion is not a request for sanctions, rather it is a request for attorney fees. Specifically, Stockmeier is asking the Court to order SCEMS to pay $300.00 per hour for five

hours of time associated in tracking down the settlement checks. As SCEMS persuasively argues in its response brief, Stockmeier has not presented any legal basis to establish entitlement to such fees. Under Federal Rule of Civil Procedure 54, a motion for attorney's fees must:

> (i) be filed no later than 14 days after the entry of judgment;
> (ii) *specify the judgment and the statute, rule, or other grounds entitling the movant to the award*;
> (iii) state the amount sought or provide a fair estimate of it; and
> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2) (emphasis added). Accordingly, because he has not specified any rule or law entitling him to an award of $1,500.00, the Court **DENIES** Stockmeier's Motion for Fees. ([Filing No. 70](#).)

**SO ORDERED**.

Date: 4/11/2017

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Samuel George Hayward
ADAMS HAYWARD & WELSH
sghayw@gmail.com

Joseph W. Borchelt
REMINGER CO. LPA (Cincinnati)
jborchelt@reminger.com

Ian Douglas Mitchell
REMINGER CO., LPA
IMitchell@reminger.com